UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAELA G. CHIPREZ,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>Defendant. | CASE NO. EDCV 12-1100 AGR<br><br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Rafaela G. Chiprez filed this action on July 11, 2012. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on August 8 and 9, 2012. (Dkt. Nos. 8, 9.) On March 11, 2013, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court remands this matter to the Commissioner for proceedings consistent with this Opinion.

# I.

## PROCEDURAL BACKGROUND

On November 19, 2009, Chiprez filed applications for disability insurance benefits and supplemental security income benefits, and alleged a disability onset date of October 14, 2008. Administrative Record ("AR") 36. The applications were denied initially and upon reconsideration. AR 74-77. On February 17, 2011, the ALJ conducted a hearing at which Chiprez and a vocational expert testified. AR 54-73. On March 4, 2011, the ALJ issued a decision denying benefits. AR 33-43. On May 5, 2012, the Appeals Council denied the request for review. AR 1-5. This action followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and quotation marks omitted).

## B. The ALJ's Findings

The ALJ found that Chiprez met the insured status requirements through September 30, 2011. AR 38. Chiprez had the severe impairments of status post knee surgery, lumbosacral strain, and left greater trochanteric bursitis. *Id.* She had the residual functional capacity to perform light work, "which permits lifting and carrying 20 pounds occasionally and 10 pounds frequently; standing for 6 hours, sitting for 6 hours, and walking for 6 hours a day." AR 39. Chiprez also had "some depression slightly affecting her capability of maintaining attention, concentration and memory." *Id.* Chiprez was capable of performing her past relevant work of commercial industrial cleaner as actually performed, and her past relevant work of housekeeper and day care teacher as generally performed. AR 42.

## C. Treating Psychiatrist

Chiprez argues the ALJ did not properly consider the opinions of her treating psychiatrist, Dr. Nguyen. In addition to the opinions in the record before the ALJ, she submitted to the Appeals Council a Mental Impairment Questionnaire completed by Dr. Nguyen. AR 5, 560-64. The Appeals Council

made the submission part of the record.[1]  AR 5.  "When the Appeals Council denies a request for review, it is a non-final agency action not subject to judicial review because the ALJ's decision becomes the final decision of the Commissioner." *Taylor v. Comm'r of SSA*, 659 F.3d 1228, 1231 (9th Cir. 2011). The reviewing court's role is "to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error." *Id.* at 1232 (citing *Ramirez v. Shalala*, 8 F.3d 1449, 1451-54 (9th Cir. 1993)).  In doing so, the reviewing court considers both the ALJ's decision and the additional material submitted to the Appeals Council.  *Id.*; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1030 n.2 (9th Cir. 2007).

An opinion of a treating physician is given more weight than the opinion of non-treating physicians.  *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).  To reject an uncontradicted opinion of a treating physician, an ALJ must state clear and convincing reasons that are supported by substantial evidence.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  When a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record.  This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Orn*, 495 F.3d at 632 (citations and quotation marks omitted).  "When there is conflicting medical evidence, the Secretary must

---

[1] Under 20 C.F.R. § 404.970(b):

If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision.  The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision.  It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

4

determine credibility and resolve the conflict." *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002) (citation and quotation marks omitted).

On July 29, 2010, Dr. Nguyen completed a Mental Disorder Questionnaire Form. AR 522-25. Dr. Nguyen treated Chiprez for approximately seven years. AR 525. The report consists almost entirely of Chiprez's reported symptoms. Dr. Nguyen observed that Chiprez appeared anxious, nervous and distressed, and was tearful during the session. AR 522-23. Dr. Nguyen stated that Chiprez "has been disabled due to a car accident that she was in. Client is unable to work due to her disability." AR 524. Dr. Nguyen diagnosed a major depressive disorder, recurrent, moderate, and stated that her prognosis was fair. *Id.*

On July 14, 2011, Dr. Nguyen completed a Mental Impairment Questionnaire. AR 560-63. Dr. Nguyen diagnosed a major depressive disorder with a Global Assessment of Functioning ("GAF") score of 45.[2] AR 560. In response to a question asking for a description of the clinical findings, including results of mental status examinations, which demonstrate the severity of the mental impairments and symptoms, Dr. Nguyen responded "guarded." AR 561. Dr. Nguyen indicated that drowsiness is a side effect of her medications, Zoloft and Vistaril. AR 562. Dr. Nguyen anticipated that she would be absent from work more than three times per month. *Id.* Dr. Nguyen assessed that Chiprez would have difficulty working at a regular job on a sustained basis, but did not provide any explanation in the space provided. AR 563. Dr. Nguyen circled "moderate" for restrictions in activities of daily living and difficulties in maintaining social functioning; "frequent" deficiencies of concentration, persistence or pace resulting in failure to complete tasks in a timely manner; and "repeated (three or

---

[2] A GAF of 45 indicates "Some impairment in reality testing or communication (e.g., speech is at time illogical, obscure, or irrelevant) or major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood (e.g., depressed man avoids friends, neglects family, and is unable to work . . .)." American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed. Text Revision 2000).

5

more)" for episodes of decompensation. *Id.*

The ALJ did not cite or address Dr. Nguyen's opinion dated July 29, 2010, and could not have addressed the later opinion because it was submitted to the Appeals Council. In the decision, the ALJ noted that the record contained only three mental health notes, one of which reflected that Chiprez was a no show. AR 38, 555-57 (dated 1/6/11, 10/25/10 and 8/26/10). The ALJ concluded that these records "reflect minimal clinical evidence to corroborate or support any finding o[f] significant impact related to depression." AR 38. These records indicated treatment with medication with no adverse side effects. *Id.* The court notes that the record contains additional treatment records from Dr. Nguyen for the period June 21, 2006 through March 25, 2010. AR 365-398, AR 504-06. These records also indicate no side effects from the medications. Of these records, however, the 2010 records indicate diagnosis of major depressive disorder, recurrent, with GAF of 45. AR 504.

This matter must be remanded for the ALJ to consider Dr. Nguyen's opinions and the treatment records. Certainly, a treating physician's opinion as to the ultimate determination of disability is not binding on an ALJ. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011). On the other hand, an ALJ may not overlook a treating physician's opinion and whether it conflicts with the RFC assessment. *See Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012); *Lingenfelter*, 504 F.3d at 1038 n.10 (ALJ cannot avoid requirements for consideration of treating physician opinion "simply by not mentioning the treating physician's opinion and making findings contrary to it.").

### D. Credibility

Chiprez argues the ALJ failed to provide clear and convincing reasons to reject her subjective complaints.

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter*,

6

504 F.3d at 1035-36.

At step one, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (citing *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). The ALJ found that Chiprez's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." AR 40.

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of [the claimant's] symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (citations omitted). "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted). "If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." *Thomas*, 278 F.3d at 958-59 (citing *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999)).

Here, the ALJ found that Chiprez's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." AR 40. The ALJ discounted Chiprez's credibility for at least three reasons: (1) the objective medical evidence was inconsistent with allegations of disabling levels of pain; (2) conservative treatment; and (3) daily activities inconsistent with the alleged severity of pain. AR 40-42.

For the reasons already discussed, the ALJ did not address Dr. Nguyen's opinions and appears to have overlooked certain of his treatment records. Remand is appropriate so the ALJ may consider this evidence and determine whether it affects his findings as to Chiprez's credibility.

7

## IV.
## **ORDER**

IT IS HEREBY ORDERED that this matter is remanded for further proceedings consistent with this Opinion.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: March 15, 2013

                                                        */s/ Alicia G. Rosenberg*
ALICIA G. ROSENBERG
United States Magistrate Judge